IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN B. DUFF, RECEIVER FOR THE ESTATE OF EQUITYBUILD INC., et al., <br><br> Plaintiff, <br><br> v. <br><br> TYLER W. DEROO, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## COMPLAINT

Kevin B. Duff, as court-appointed receiver ("Receiver"), in the case captioned *United States Securities and Exchange Commission v. EquityBuild, Inc., et al.*, Civil Action No. 18-cv-5587, pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "**SEC Action**"), pursuant to the powers vested in him by the District Court in the SEC Action, complains against Tyler W. DeRoo ("DeRoo"), as follows:

## SUMMARY OF THE ACTION

1. The Receiver brings this action against DeRoo for breaching their settlement agreement by failing to make timely payments, including but not limited to payment of $125,000.00, which was the final payment amount due under their agreement. The settlement agreement entitles the Receiver to obtain immediate entry in the District Court of a consent judgment for the unpaid Settlement Amount (as that term is defined in the agreement) plus pre-judgment interest at the statutory rate.

1

## THE PARTIES

2. Plaintiff Kevin B. Duff was appointed Receiver by the Receivership Court (defined below) in the SEC Action. (SEC Action, ECF No. 16.) The Receiver brought claims against DeRoo in the Receiver Action (defined below). (Receiver Action, ECF No. 1.) Plaintiff and DeRoo entered into the "Settlement and Release Agreement by and between Kevin B. Duff, as Receiver, and Tyler DeRoo," a true and accurate copy of which is attached hereto as **Exhibit A** (the "Settlement Agreement"). Plaintiff brings this action in his capacity as Receiver, pursuant to the authority granted by the Receivership Court. (SEC Action, ECF No. 16, ¶¶ 4, 8, 37, 42.)

3. DeRoo is a citizen of the State of Illinois and was an employee of EquityBuild, Inc. from on or about June 8, 2015 until on or about November 30, 2018.

## PROCEDURAL BACKGROUND

4. On August 15, 2018, the SEC filed its complaint in the SEC Action, which among other requested relief sought the appointment of a receiver to marshal and preserve all assets of the Receivership Defendants (as described in the Order Appointing Receiver) and to handle all related claims. (SEC Action, ECF Nos. 1, 16.)

5. The Court in the SEC Action (the "**Receivership Court**") entered an Order on August 17, 2018 (SEC Action, ECF No. 16) (the "**Order Appointing Receiver**") in which the Receivership Court assumed exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen, which affiliates are identified in that certain Order Appointing Receiver entered August 17, 2018, as supplemented by that certain Order entered March 14, 2019, and that certain Order entered February 21, 2020 (collectively, the "**Receivership Defendants**"). (True and correct copies of the Order Appointing Receiver and the

supplemental Orders dated 3/14/2019 and 2/21/2020 are a matter of public record, available at SEC Action, ECF Nos.16, 290, 634)

6. In the Order Appointing Receiver, the Receivership Court conferred upon the Receiver (1) "all powers, authorities, rights and privileges" theretofore possessed by the principals of the Receivership Defendants under applicable state and federal law, as well as by the governing operating and shareholders' agreements, and (2) all powers and authority of a receiver at equity, as well as all powers conferred upon a receiver under 28 U.S.C. §§ 754, 959, 1692, and FRCP 66. (SEC Action, ECF No. 16, ¶ 4.)

7. The Order Appointing Receiver authorizes the Receiver to take custody, control, and possession of all assets which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("**Receivership Assets**"), to issue subpoenas for documents and testimony, and to sue for, collect, recover, receive, and take into possession from third parties all Receivership Assets. (*Id.* ¶ 8.) The Receivership Court further authorized the Receiver to investigate, prosecute, and compromise claims related to Receivership Assets. (*Id.* ¶¶ 37, 42.)

## JURISDICTION & VENUE

8. This Complaint is brought to accomplish the ends sought and directed by the Receivership Court, which, among other things, appointed Plaintiff as Receiver and authorized him to commence actions to recover assets of the Receivership Defendants. (SEC Action, ECF No. 16, ¶¶ 4, 8, 37, 42.) This action is related to the claims in the SEC Action, over which this Court has original jurisdiction pursuant to Title 28, United States Code, Section 1331, in that this action forms "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Pursuant to the principles of ancillary jurisdiction or

supplemental jurisdiction, this Court has subject matter jurisdiction over the claims set forth herein pursuant to Title 28, United States Code, Section 1367(a).

9. Plaintiff serves as Receiver in this District, resides and conducts business in this District, and is subject to the orders of the Receivership Court.

10. This Court has personal jurisdiction over Defendant DeRoo because DeRoo is a citizen of the State of Illinois. DeRoo resides at 1900 Half Day Road, Bannockburn, Illinois, 60015, and transacts business in Cook County, Illinois. DeRoo also submitted to the jurisdiction of this Court in the Settlement Agreement. (Ex. A, ¶¶ 8-9.)

11. Venue is proper in this District, pursuant to Title 28, United States Code, Sections 754, 1391(b), and 1692, because this action is brought to accomplish the objectives of the Temporary Restraining Order and the Receivership Order in the SEC Action, and is thus ancillary to the Receivership Court's exclusive jurisdiction over the assets of the Receivership Defendants. Further, several of the acts described in this Complaint occurred in the Northern District of Illinois. DeRoo also agreed to venue in this jurisdiction in the Settlement Agreement. (Ex. A, ¶¶ 8-9.)

**COUNT I**
**Breach of Contract**

12. On August 16, 2022, the Receiver filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, against DeRoo in an action styled, *Kevin B. Duff, Receiver for the Estate of EquityBuild Inc., etc. v Tyler W. DeRoo, et al.*, Case No. 22-cv-04336 (the "**Receiver Action**"), alleging claims for unjust enrichment and aiding and abetting breach of fiduciary duty. (A true and correct copy of the Complaint in the Receiver Action is a matter of public record, available at *Duff v. DeRoo, et al*., Case No. 22-cv-4336 (N.D. Ill.), ECF No.1.)

13. The Receiver and DeRoo thereafter settled the Receiver Action and entered into the Settlement Agreement, pursuant to which, *inter alia,* DeRoo agreed to pay Three Hundred Twenty-Five Thousand Dollars ($325,000.00) to the Estate of EquityBuild, Inc., in three installments. (Ex. A, ¶ 4.)

14. Paragraph 9 of the Settlement Agreement (Ex. A) provides:

**Breach of Material Term or Failure to Timely Pay**. DeRoo agrees that if he fails to make any timely payment of the Settlement Amount as set forth above (*i.e.,* the First Payment, the Second Payment, or the Third Payment), then the Receiver shall be entitled to the immediate entry in the District Court of a consent judgment for the unpaid Settlement Amount plus pre-judgment interest at the statutory rate. The Receiver shall seek entry of such judgment upon application to Magistrate Judge Sunil R. Harjani in the form of a verified motion, with notice to DeRoo and his legal counsel of record in the Lawsuit.

15. DeRoo failed to make the Third Payment required by the Settlement Agreement.

16. Plaintiff has performed all obligations required of him under the Settlement Agreement.

17. DeRoo breached the Settlement Agreement by failing to make the Third Payment.

18. Plaintiff has been damaged, without limitation, in the amount of $125,000.00 as a result of DeRoo's failure to make the Third Payment.

WHEREFORE, Plaintiff, as the Receiver for the Estate of EquityBuild, Inc., *et al.*, respectfully requests that the Court enter judgment against Defendant Tyler W. DeRoo and in favor of the Estate of EquityBuild, Inc., *et al.*, for compensatory damages in the amount of one hundred twenty-five thousand dollars ($125,000.00), plus pre-judgment interest at the statutory rate, together with all costs and such further relief as may be just and proper.

Dated: February 20, 2024      Respectfully submitted,

/s/ *Kenneth Murena*
Damian Valori Culmo
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
(305) 371-3960
kmurena@dvllp.com

Michael Rachlis
Rachlis Duff & Peel LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
(312) 733-3950
mrachlis@rdaplaw.net

Andrew Eliot Porter
Porter Law Office
853 North Elston Avenue
Chicago, IL 60642
(312) 433-0568
andrew@andrewporterlaw.com

*Attorneys for Plaintiff*