## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEVIN B. DUFF, RECEIVER FOR THE ESTATE OF EQUITYBUILD INC., et al., ) ) ) | |
| Plaintiff, ) | Civil Action No. 1:24-cv-01402 |
| v. ) ) | |
| TYLER W. DEROO, ) ) | |
| Defendant. ) | |

### AMENDED COMPLAINT

Kevin B. Duff, as court-appointed receiver ("Receiver"), in the case captioned *United States Securities and Exchange Commission v. EquityBuild, Inc., et al.,* Civil Action No. 18-cv-5587, pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "**SEC Action**"), pursuant to the powers vested in him by the District Court in the SEC Action, complains against Tyler W. DeRoo ("DeRoo"), as follows:

### SUMMARY OF THE ACTION

1.      The Receiver brings this action against DeRoo for breaching their settlement agreement by failing to make timely payments, including but not limited to payment of $125,000.00, which was the final payment amount due under their agreement.  The settlement agreement entitles the Receiver to obtain immediate entry in the District Court of a consent judgment for the unpaid Settlement Amount (as that term is defined in the agreement) plus pre-judgment interest at the statutory rate.

1

**THE PARTIES**

2.        Plaintiff Kevin B. Duff was appointed Receiver by the Receivership Court (defined below) in the SEC Action.  (SEC Action, ECF No. 16.)  The Receiver brought claims against DeRoo in the Receiver Action (defined below).  (Receiver Action, ECF No. 1.)  Plaintiff and DeRoo entered into the "Settlement and Release Agreement by and between Kevin B. Duff, as Receiver, and Tyler DeRoo," a true and accurate copy of which is attached hereto as **Exhibit A** (the "Settlement Agreement").  Plaintiff brings this action in his capacity as Receiver, pursuant to the authority granted by the Receivership Court.  (SEC Action, ECF No. 16, ¶¶ 4, 8, 37, 42.)

3.        DeRoo is a citizen of the State of Illinois and was an employee of EquityBuild, Inc. from on or about June 8, 2015 until on or about November 30, 2018.

**PROCEDURAL BACKGROUND**

4.        On August 15, 2018, the SEC filed its complaint in the SEC Action, which among other requested relief sought the appointment of a receiver to marshal and preserve all assets of the Receivership Defendants (as described in the Order Appointing Receiver) and to handle all related claims. (SEC Action, ECF Nos. 1, 16.)

5.        The Court in the SEC Action (the "**Receivership Court**") entered an Order on August 17, 2018 (SEC Action, ECF No. 16) (the "**Order Appointing Receiver**") in which the Receivership Court assumed exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen, which affiliates are identified in that certain Order Appointing Receiver entered August 17, 2018, as supplemented by that certain Order entered March 14, 2019, and that certain Order entered February 21, 2020 (collectively, the "**Receivership Defendants**").  (True and correct copies of the Order Appointing Receiver and the

2

supplemental Orders dated 3/14/2019 and 2/21/2020 are a matter of public record, available at SEC Action, ECF Nos.16, 290, 634)

6.      In the Order Appointing Receiver, the Receivership Court conferred upon the Receiver (1) "all powers, authorities, rights and privileges" theretofore possessed by the principals of the Receivership Defendants under applicable state and federal law, as well as by the governing operating and shareholders' agreements, and (2) all powers and authority of a receiver at equity, as well as all powers conferred upon a receiver under 28 U.S.C. §§ 754, 959, 1692, and FRCP 66. (SEC Action, ECF No. 16, ¶ 4.)

7.      The Order Appointing Receiver authorizes the Receiver to take custody, control, and possession of all assets which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("**Receivership Assets**"), to issue subpoenas for documents and testimony, and to sue for, collect, recover, receive, and take into possession from third parties all Receivership Assets. (*Id.* ¶ 8.) The Receivership Court further authorized the Receiver to investigate, prosecute, and compromise claims related to Receivership Assets. (*Id.* ¶¶ 37, 42.)

## JURISDICTION & VENUE

8.      This Complaint is brought to accomplish the ends sought and directed by the Receivership Court, which, among other things, appointed Plaintiff as Receiver and authorized him to commence actions to recover assets and pursue claims of the Receivership Defendants. (SEC Action, ECF No. 16, ¶¶ 4, 8, 37, 42.) In particular, in the August 17, 2018 Order Appointing Receiver entered in the SEC Action, the Receivership Court authorized the Receiver to "bring such legal actions based on law or equity . . . as the Receiver deems necessary or appropriate in discharging his duties as Receiver." (*Id*. at ¶8.M.) Further, the Receivership Court authorized the

3

Receiver "to pursue . . . all suits, actions, claims and demands which may now be brought by . . . the Receivership Estate" or "as may be approved by this Court." (*Id.* at ¶8.N−O.) Included in such actions are claims for aiding and abetting fraud and breach of fiduciary duties, as well as unjust enrichment actions to recover or "claw-back" monies wrongfully paid by EquityBuild. (*Id.* at ¶43.). Pursuant to the authority granted by the Receivership Court, the Receiver commenced the Receiver Action (defined below) against Defendant Tyler DeRoo, alleging claims for unjust enrichment and aiding and abetting breach of fiduciary duty to recover monies for the benefit of the Receivership Estate. The Receiver Action resulted in the Settlement Agreement: (1) requiring Defendant Tyler to make three payments to the Receivership Estate, (2) providing that the parties consent to the Magistrate Judge in the Receiver Action retaining jurisdiction to enter a consent judgment in the Receiver Action in the event of Mr. DeRoo's failure to pay the full settlement amount, (3) providing that all other relief shall be sought from the Receivership Court, and (4) providing that any action, controversy, or claim between the parties arising from the Settlement Agreement shall be determined by the Receivership Court. Because Mr. DeRoo made the first two settlement payments late and failed to make the third payment, the Receiver commenced this breach of contract action to enforce the Settlement Agreement.

9. Therefore, this action is brought to accomplish the ends sought and directed in the SEC Action, over which this Court has original jurisdiction pursuant to Title 28, United States Code, Section 1331. As such, this action is related to the claims in the SEC Action, in that this action forms "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Indeed, this action seeks to recover the unpaid amount due under the Settlement Agreement reached in the Receiver Action, which was brought to accomplish the ends sought and directed in the SEC Action, and thus this action is related to the claims asserted

4

and settled in the Receiver Action, over which this Court had ancillary or supplemental jurisdiction, pursuant to Title 28, United States Code, Section 1367(a). Accordingly, pursuant to the principles of ancillary jurisdiction or supplemental jurisdiction, this Court has subject matter jurisdiction over the claims set forth herein pursuant to Section 1367(a).[1]

10.     Plaintiff serves as Receiver in this District, resides and conducts business in this District, and is subject to the orders of the Receivership Court.

11.     This Court has personal jurisdiction over Defendant DeRoo because DeRoo is a citizen of the State of Illinois. DeRoo resides at 1900 Half Day Road, Bannockburn, Illinois, 60015, and transacts business in Cook County, Illinois. DeRoo also submitted to the jurisdiction of this Court in the Settlement Agreement. (Ex. A, ¶¶ 8-9.)

12.     Venue is proper in this District, pursuant to Title 28, United States Code, Sections 754, 1391(b), and 1692, because this action is brought to accomplish the objectives of the Temporary Restraining Order and the Receivership Order in the SEC Action, and is thus ancillary to the Receivership Court's exclusive jurisdiction over the assets of the Receivership Defendants. Further, several of the acts described in this Complaint occurred in the Northern District of Illinois. DeRoo also agreed to venue in this jurisdiction in the Settlement Agreement. (Ex. A, ¶¶ 8-9.)

---

[1] *See Cagan v. Tyson*, No. 92-C-1868, 1993 WL 39713, *2 n.3 (N.D. Ill. Feb. 12, 1993) (finding that the Court has ancillary jurisdiction over the court-appointed receiver's ancillary action, although there was no federal question or diversity in the action, because the claims were brought incident to receiver's status as federal receiver and "to accomplish the ends sought and directed by the suit in which the appointment was made[.]") (citing and quoting *Pope v. Louisville, New Albany, & Chicago R. Co.*, 173 U.S. 573, 577 (1899); *see also Tcherepnin v. Franz*, 485 F.2d 1251, 1255 (7th Cir. 1973) ("The ancillary jurisdiction of federal courts over actions incident to a receivership established by a federal court has long been recognized. So long as an action commenced by a court appointed receiver seeks 'to accomplish the ends sought and directed by the suit in which the appointment was made, such action or suit is regarded as ancillary so far as the jurisdiction of the ... court of the United States is concerned.'").

## COUNT I
## Breach of Contract

13.     On August 16, 2022, the Receiver filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, against DeRoo in an action styled, *Kevin B. Duff, Receiver for the Estate of EquityBuild Inc., etc. v Tyler W. DeRoo, et al.*, Case No. 22-cv-04336 (the "**Receiver Action**"), alleging claims for unjust enrichment and aiding and abetting breach of fiduciary duty.  (A true and correct copy of the Complaint in the Receiver Action is a matter of public record, available at *Duff v. DeRoo, et al.*, Case No. 22-cv-4336 (N.D. Ill.), ECF No.1.)

14.     The Receiver and DeRoo thereafter settled the Receiver Action and entered into the Settlement Agreement, pursuant to which, *inter alia,* DeRoo agreed to pay Three Hundred Twenty-Five Thousand Dollars ($325,000.00) to the Estate of EquityBuild, Inc., in three installments. (Ex. A, ¶ 4.)

15.     Paragraph 9 of the Settlement Agreement (Ex. A) provides:

> **Breach of Material Term or Failure to Timely Pay**.  DeRoo agrees that if he fails to make any timely payment of the Settlement Amount as set forth above (*i.e.,* the First Payment, the Second Payment, or the Third Payment), then the Receiver shall be entitled to the immediate entry in the District Court of a consent judgment for the unpaid Settlement Amount plus pre-judgment interest at the statutory rate. **The Receiver shall seek entry of such judgment upon application to Magistrate Judge Sunil R. Harjani** in the form of a verified motion, with notice to DeRoo and his legal counsel of record in the Lawsuit.

Exhibit A (emphasis added).

16.     Further, Paragraph 11 of the Settlement Agreement provides:

> **Dispute Resolution.**  Except with respect to entry of a consent judgment, as described herein **any action, controversy, or claim between the Parties arising out of or relating to this Agreement**, including those relating to the validity, interpretation, construction, performance, and **enforcement of this Agreement, shall be determined by the Receivership Court.**

*Id.* (emphasis added).

17.     DeRoo failed to make the Third Payment required by the Settlement Agreement.

18.     Plaintiff has performed all obligations required of him under the Settlement Agreement.

19.     DeRoo breached the Settlement Agreement by failing to make the Third Payment.

20.     Plaintiff has been damaged, without limitation, in the amount of $125,000.00 as a result of DeRoo's failure to make the Third Payment.

21.     Therefore, pursuant to Paragraphs 9 and 11 of the Settlement Agreement, the Receiver commenced this action in this Court.

WHEREFORE, Plaintiff, as the Receiver for the Estate of EquityBuild, Inc., *et al.*, respectfully requests that the Court enter judgment against Defendant Tyler W. DeRoo and in favor of the Estate of EquityBuild, Inc., *et al.*, for compensatory damages in the amount of one hundred twenty-five thousand dollars ($125,000.00), plus pre-judgment interest at the statutory rate, together with all costs and such further relief as may be just and proper.

Dated:  March 1, 2024                    Respectfully submitted,

/s/ *Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
*General Admission to N.D. Ill.*
Damian Valori Culmo
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
(305) 371-3960
kmurena@dvllp.com

Michael Rachlis
Rachlis Duff & Peel LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
(312) 733-3950
mrachlis@rdaplaw.net

7

Andrew Eliot Porter
Porter Law Office
853 North Elston Avenue
Chicago, IL 60642
(312) 433-0568
*andrew@andrewporterlaw.com*

*Attorneys for Plaintiff*